UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| DESMOND HODGES**,** individually, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br>vs.<br><br>OSMOSE UTILITIES SERVICES, INC.**,**<br><br>　　　　　Defendant. | Case No.:<br><br>COMPLAINT – CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff, DESMOND HODGES, individually and on behalf of all others similarly situated, by and through his attorneys BROWN, LLC and THE ORLANDO FIRM, P.C., hereby files this Collective and Class Action Complaint against Defendant, OSMOSE UTILITIES SERVICES, INC., and states as follows:

## INTRODUCTION

1.　　This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, Desmond Hodges, individually and on behalf of all similarly situated persons employed by Defendant, Osmose Utilities Services, Inc., arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Massachusetts General Laws c. 149, §§ 148 and 150, and c. 151 §§ 1A and 20.

1

2. Defendant Osmose Utilities Services, Inc. was founded in 1934 and provides construction, maintenance, and inspection services to the utility and telecommunications industries throughout the United States.

3. Plaintiff and the members of the putative collective and class were employed by Defendant as hourly-paid, non-exempt crew members, and were responsible for performing on-site construction work on utility and telecommunications equipment serviced by Defendant in Massachusetts and other states.

4. Defendant failed to pay crew members for all hours worked, including loading and cleaning their work vehicles at the beginning of their workdays, driving and/or riding to their job site, and other portions of their workday that their foremen failed to report in Defendant's timekeeping system.

5. Defendant's failure to pay crew members for all hours worked violates Massachusetts General Laws c. 149, § 148, and in the weeks where such hours worked were in excess of forty (40) hours, Defendant's failure to pay for such hours also violates the FLSA, 29 U.S.C. § 207(a)(1) and Massachusetts General Laws c. 151 § 1A, under which employees are entitled to time-and-a-half (1.5) of their regular rate of pay for hours worked in excess of forty (40) in a workweek.

6. Plaintiff seeks unpaid overtime wages and liquidated damages pursuant to the FLSA on behalf of himself and the "FLSA Collective," defined as:

*all current and former crew members who worked for Defendant in the United States at any time within the three years preceding the commencement of this action and the date of judgment.* See 29 U.S.C. § 216(b).

7. Plaintiff seeks unpaid straight-time and overtime wages and liquidated damages pursuant to Massachusetts General Laws c. 149, §§ 148 and 150, and c. 151 § 1A on behalf of himself and the "Rule 23 Massachusetts Class," defined as:

*all current and former crew members who worked for Defendant in Massachusetts at any time within the three years preceding the commencement of this action and the date of judgment.* See Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq*.

9. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because the state law claims and the federal claim are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

10. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under

the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

11. The Court has personal jurisdiction over Defendant because Defendant is domiciled in Georgia.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district.

## PARTIES

13. Plaintiff Desmond Hodges is a resident of New London County, Connecticut, and worked for Defendant as a crew member in and around Cape Cod, Massachusetts from December 2019 to February 2020. He was paid an hourly rare of $15 per hour. Plaintiff Hodges has consented to the filing of this action pursuant to 29 U.S.C. § 216(b). *See* **Exhibit 1**.

14. Plaintiff Hodges typically worked six-to-seven (6-7) shifts per week, and his workday would typically start at approximately 6:30 AM and end at approximately 4-5 PM, for a total of 9.5 – 10.5 hours per day and 57 – 73.5 hours per week.

15. Defendant Osmose Utilities Services, Inc. is a Delaware corporation whose principal address is 635 Highway 74 S., Peachtree City, Georgia 30269, and whose registered agent for service of process in Georgia is Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

## **FACTUAL ALLEGATIONS**

16. Defendant employed crew members to perform on-site construction work on utility and telecommunications equipment serviced by Defendant in Massachusetts and other states.

17. Defendant classified crew members as non-exempt employees.

18. Defendant paid crew members on an hourly basis.

19. Defendant did not guarantee any predetermined amount of pay per week.

20. Defendant required crew members to work over forty (40) hours in most weeks.

21. Crew members reported to a foreman, who supervised them and was responsible for reporting their time into Defendant's timekeeping system.

22. Crew members were typically required to begin their workday by meeting with the foreman and loading and cleaning their work vehicles, followed by driving or riding in the vehicle to the job sites at which they performed construction work.

23. On most days, the foreman did not report the time crew members spent loading and cleaning their work vehicles and/or driving or riding to the job sites.

24. This resulted in crew members not being paid for such time.

25. On many days there were additional portions of crew members' workday for which they were not paid due to the foreman not reporting such time in the timekeeping system.

26. The work for which crew members were not paid, which included but was not limited to loading and cleaning their work vehicles at the beginning of their workdays and driving and/or riding to their job site, is compensable under the FLSA and Massachusetts law because it was required by and benefited Defendant, and because it was integral and indispensable to crew members' construction work.

27. In many weeks, the hours worked for which Defendant failed to pay crew members were excess of forty (40) hours, and should have been paid at time-and-a-half (1.5) of crew members' regular rates of pay, but were not.

28. As a result of these policies, there were many weeks in which Plaintiff and other crew members were not paid their hourly rate of pay for all hours worked, and/or overtime compensation for hours worked excess of forty (40) hours.

29. Defendant knew that its foreman failed to report all crew members' hours into the timekeeping system and that this resulted in crew members not receiving pay for time spent performing compensable work.

30. Defendant knowingly and/or recklessly disregarded its obligation to ensure that all of its crew members' work hours were recorded and paid.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the FLSA Collective, defined as:

> *All current and former crew members who worked for Defendant in the United States at any time within the three years preceding the commencement of this action and the date of judgment.*

32.     Plaintiff reserves the right to amend this definition as necessary.

33.     Excluded from the proposed Collective are Defendant's executives, administrative, and professional employees, including computer professionals and outside sales persons.

34.     With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the putative members of the FLSA Collective are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b) because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

35.     The employment relationship between Defendant and every FLSA Collective member is the same and differs only by name, location, and rate of pay. The key issues do not vary substantially among the FLSA Collective members.

36.     Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include several hundred members.

The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

## RULE 23 MASSACHUSETTS CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on his own behalf and on behalf of the Rule 23 Massachusetts Class, defined as:

> *All current and former crew members who worked for Defendant in Massachusetts at any time within the three years preceding the commencement of this action and the date of judgment.*

38. Plaintiff reserves the right to amend this definition as necessary.

39. The members of the Rule 23 Massachusetts Class are so numerous that joinder of all Rule 23 Massachusetts Class members in this case would be impractical. Rule 23 Massachusetts Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

40. There is a well-defined community of interest among Rule 23 Massachusetts Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Massachusetts Class.

41. Plaintiff's claims are typical of those of the Rule 23 Massachusetts Class in that they and all other Rule 23 Massachusetts Class members suffered damages as a direct and proximate result of the Defendant's common and systemic

payroll policies and practices. Plaintiff's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Massachusetts Class members' claims and their legal theories are based on the same legal theories as all other Rule 23 Massachusetts Class members.

42. Plaintiff will fully and adequately protect the interests of the Rule 23 Massachusetts Class and he has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Massachusetts Class.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Massachusetts Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

44. This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

45. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

46. Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Massachusetts Class and declaratory relief is appropriate in this case with respect to the Rule 23 Massachusetts Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

**COUNT I**
**(Brought Individually and as a Collective Action Under 29 U.S.C. § 216(b))**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 207(a)(1) - FAILURE TO PAY OVERTIME**

47. Plaintiff re-alleges and incorporates all previous paragraphs herein.

48. Defendant is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

49. Defendant is an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

50. At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

51. At all times relevant to this action, Plaintiff and the FLSA Collective members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

52. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and the FLSA Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

53. Defendant required Plaintiff and the FLSA Collective members to work over forty (40) hours in most weeks.

54. Defendant failed to pay Plaintiff and the FLSA Collective members for all hours worked, including loading and cleaning their work vehicles at the beginning of their workdays, driving and/or riding to their job site, and other portions of their workday that their foremen failed to report in Defendant's timekeeping system.

55. In many weeks, the hours worked for which Defendant failed to pay Plaintiff and the FLSA Collective members were excess of forty (40) hours, and should have been paid at time-and-a-half (1.5) of their regular rates of pay, *see* 29 U.S.C. § 207(a)(1), but were not.

56. Defendant knowingly and/or recklessly disregarded its obligation to ensure that all of Plaintiff's and the FLSA Collective members' work hours were recorded and paid at time-and-a-half (1.5) of crew members' regular rates of pay.

57. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

### COUNT II
**(Brought Individually and as a Class Action Under Fed. R. Civ. P. 23)**
**VIOLATIONS OF M.G.L. c. 151 § 1A - FAILURE TO PAY OVERTIME**

58. Plaintiff re-alleges and incorporates all previous paragraphs herein.

59. Defendant was an "employer" of Plaintiff and the other members of the Rule 23 Massachusetts Class within the meaning of M.G.L. c. 151 § 1B.

60. Plaintiff and the other members of the Rule 23 Massachusetts Class were "employees" of Defendant, within the meaning of M.G.L. c. 151 § 1A.

61. Defendant employed Plaintiff and the other members of the Rule 23 Massachusetts Class, within the meaning of M.G.L. c. 151 § 1A.

62. Defendant required Plaintiff and the other members of the Rule 23 Massachusetts Class to work over forty (40) hours in most weeks.

63. Defendant failed to pay Plaintiff and the other members of the Rule 23 Massachusetts Class for all hours worked, including loading and cleaning their

work vehicles at the beginning of their workdays, driving and/or riding to their job site, and other portions of their workday that their foremen failed to report in Defendant's timekeeping system.

64. In many weeks, the hours worked for which Defendant failed to pay Plaintiff and the other members of the Rule 23 Massachusetts Class were excess of forty (40) hours and should have been paid at time-and-a-half (1.5) of their regular rates of pay, *see* M.G.L. c. 151 § 1A, but were not.

65. Defendant knowingly and/or recklessly disregarded its obligation to ensure that all of Plaintiff's and the Rule 23 Massachusetts Class members' work hours were recorded and paid at time-and-a-half (1.5) of their regular rates of pay.

66. M.G.L. c. 151 § 20 provides that as a remedy for a violation of M.G.L. c. 151 § 1A, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus twice of this amount in liquidated damages (treble damages), plus costs and reasonable attorneys' fees.

### COUNT III
### (Brought Individually and as a Class Action Under Fed. R. Civ. P. 23)
### VIOLATIONS OF M.G.L. c. 149, § 148 – FAILURE TO PAY HOURLY WAGES FOR NON-OVERTIME WORK

67. Plaintiff re-alleges and incorporates all previous paragraphs herein.

68. Defendant had employees in its service within the meaning of M.G.L. c. 149, § 148.

69.     Plaintiff and the other members of the Rule 23 Massachusetts Class were employees in the service of Defendant within the meaning of M.G.L. c. 149, § 148.

70.     Defendant failed to pay Plaintiff and the other members of the Rule 23 Massachusetts Class for all hours worked, including loading and cleaning their work vehicles at the beginning of their workdays, driving and/or riding to their job site, and other portions of their workday that their foremen failed to report in Defendant's timekeeping system.

71.     Defendant knowingly and/or recklessly disregarded its obligation to ensure that all of Plaintiff's and the Rule 23 Massachusetts Class members' work hours were recorded and paid at their regular rates of pay.

72.     On September 11, 2020, Plaintiff filed a complaint with the Massachusetts Attorney General regarding Defendant's violations of M.G.L. c. 149, § 148.

73.     M.G.L. c. 149, § 150 provides that as a remedy for a violation of M.G.L. c. 149, § 148, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus twice of this amount in liquidated damages (treble damages), plus costs and reasonable attorneys' fees.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, Desmond Hodges, requests an entry of an Order the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b. Certifying this action as a class action (for the Rule 23 Massachusetts Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claim (Counts II and III);

c. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d. Designating Plaintiff as the representatives of the FLSA Collective and the Rule 23 Massachusetts Class, and undersigned counsel as Class counsel for the same;

e. Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

f. Declaring Defendant violated Massachusetts General Laws c. 149, § 148 and c. 151 §§ 1A, and that said violations were intentional, willfully oppressive, fraudulent and malicious;

g. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective and the Rule 23 Massachusetts Class the full amount of damages and liquidated damages available by law;

h. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

    i.    Awarding pre- and post-judgment interest to Plaintiff on these damages; and

    j.    Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, Desmond Hodges, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

DATED: March 18, 21    By:    */s/* Roger Orlando
    Roger Orlando
    THE ORLANDO FIRM, P.C.
    315 West Ponce De Leon Ave, Suite 400, Decatur, Georgia 30030
    (973) 898-0404
    roger@orlandofirm.com

    *Local Counsel for Plaintiff*

    Jason T. Brown (will PHV)
    Nicholas Conlon (will PHV)
    BROWN, LLC
    111 Town Square Place, Suite 400
    Jersey City, NJ 07310
    Phone: (201) 630-0000
    jtb@jtblawgroup.com
    nicholasconlon@jtblawgroup.com

    *Lead Counsel for Plaintiff*