## SETTLEMENT AND RELEASE AGREEMENT

Defendant Osmose Utilities Services, Inc. ("**Defendant**" or "**Osmose**") and Plaintiff Desmond Hodges ("**Plaintiff**" or "**Hodges**"), on behalf of himself, the Settlement Collective, and the Settlement Class, agree to a settlement, subject to approval as discussed below, through this Settlement and Release Agreement ("**Settlement**" or "**Agreement**"):

## I.    DEFINITIONS

In addition to the other terms defined in this Agreement, the below terms have the following meaning:

1.    "**Action**" means the lawsuit entitled *Desmond Hodges et al v. Osmose Utilities Services, Inc.*, Case No. 3:21-cv-00041-TCB, pending before the Honorable Judge Timothy C. Batten, Sr. in the United States District Court for the Northern District of Georgia, Newnan Division.

2.    "**Administrator**" means the third-party claims administrator selected by Defendant with approval by Plaintiff's Counsel.

3.    "**Authorized Claimant**" means (i) Absent Settlement Class Members who submit timely and valid Claim Forms; and (ii) Settlement Collective Members.

4.    "**Claim Form**" means the approved claim form that the Members of the Settlement Class must complete, sign, and timely return to receive an Individual Settlement Payment, as set forth in Exhibit A.

5.    "**Court**" means the United States District Court for the Northern District of Georgia, Newnan Division.

6.    "**Defendant**" means Osmose Utilities Services, Inc.

7.    "**Defendant's Counsel**" means the law firm of Fisher & Phillips LLP.

8.      "**Effective Date**" means the day the Settlement is Final as defined in Paragraph 10 below.

9.      "**Exclusion Letter**" means a letter that Settlement Class Members must complete, sign and timely return to exclude themselves from the Settlement, setting forth their name, the last four digits of their Social Security number, and a statement that they request exclusion from the Settlement Class and do not wish to participate in the Settlement on or before the Opt-Out Deadline.

10.     "**Final**" means that the Court has granted final approval of the Settlement without modification and either: (a) the applicable date for seeking appellate review of the Court's approval of the Settlement has passed without a timely appeal; (b) an appellate court has rendered a final decision or judgment affirming the Court's final approval of the Settlement without modification, and the time for any further appeal has expired; or (c) any timely appeal has been dismissed.

11.     "**Final Approval Hearing**" means the hearing that the Court conducts to determine whether to finally approve and implement the Settlement.

12.     "**General Release Payment**" means an additional payment from the Settlement Fund to Hodges, not to exceed $10,000.00, in exchange for a general release of claims against Osmose.

13.     "**Gross Settlement Amount**" means Three Million Three Hundred Seventy-Five Thousand Dollars and Zero Cents ($3,375,000.00).

14.     "**Notice to Absent Settlement Class Members**" means the approved notice and Claim Form to be mailed to Absent Settlement Class Members explaining the Settlement terms and the claims process, as set forth in Exhibit B.

15. "**Notice to Settlement Collective/Class Members**" means the approved notice to be mailed to Settlement Collective Members who also qualify as Settlement Class Members explaining the Settlement terms and the claims process, as set forth in Exhibit C.

16. "**Participating Class Members**" means (i) Settlement Class Members who are also Settlement Collective Members; and (ii) Absent Settlement Class Members who have not timely submitted a request to be excluded from the Settlement Class.

17. "**Parties**" means Plaintiffs and Defendant, and "**Party**" means any of the Parties.

18. "**Named Plaintiffs**" or "**Class Representatives**" means Desmond Hodges, Demar Bennett, Timothy Corvin, Khalif Davis-Harris, Wayne Hurst, Allen Miller, Caleb Ross, Jose Terriquez, Aaron Tutt, and Gregory Weaver.

19. "**Plaintiffs' Counsel**" means the law firm of Brown, LLC.

20. "**Preliminary Approval**" means that the Court has preliminarily approved the Settlement and authorized the issuance of notice to the Settlement Class Members, as set forth herein.

21. "**Settlement Class**" means any individual employed by Osmose in the position of Crew Member in PIT and/or PR crews in Arkansas, California, Colorado, Connecticut, District of Columbia, Hawaii, Illinois, Kentucky, Maine, Maryland, Massachusetts, Minnesota, Missouri, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania, Virginia, Washington, or Wisconsin within the period of September 13, 2019, through May 5, 2023, and who has not otherwise released their claims under the FLSA or applicable state law.  A "**Member**" of the Settlement Class shall mean any individual within the Settlement Class. An "**Absent Settlement Class Member**" shall mean any Member of the Settlement Class who is not a Member of the Settlement Collective.

22.    "**Settlement Collective**" means any individual who filed and did not withdraw a Consent to Sue Form with the Court in the Action on or before May 5, 2023, and who has not otherwise released their claims under the FLSA or applicable state law.  A "**Member**" of the Settlement Collective shall mean any individual within the Settlement Collective.

23.    "**Settlement Fund**" means that amount which shall be allocated among Plaintiffs, the Settlement Collective, and the Settlement Class, which shall be the Gross Settlement Amount minus Plaintiffs' Counsel's fees ($1,125,000.00), Plaintiffs' Counsel's costs (not to exceed $51,250.00), the Administrator's costs, and a General Release Payment to Hodges ($10,000.00).

24.    "**Settlement Payment**" means the distribution of the Settlement Fund to Authorized Claimants pursuant to paragraph 48 below. "**Potential Settlement Payment**" means the *pro rata* share of the Settlement Fund allocable to each Settlement Class or Collective Member; however, notwithstanding the foregoing, only Authorized Claimants shall be entitled to receive Settlement Payments, which shall each be referred to herein as an "**Individual Settlement Payment**."

25.    "**Settlement Period**" shall mean the period of September 13, 2019, through May 5, 2023.

26.    "**Settlement Collective Workweek**" shall mean any week in which a Settlement Collective Member worked one or more days as a Crew Member in PIT and/or PR crew within the period of September 13, 2019, through May 5, 2023.

27.    "**Settlement Class Workweek**" shall mean any week in which an Absent Settlement Class Member worked one or more days as a Crew Member in PIT and/or PR crew in Arkansas, California, Colorado, Connecticut, District of Columbia, Hawaii, Illinois, Kentucky, Maine, Maryland, Massachusetts, Minnesota, Missouri, Nevada, New Jersey, New York, Ohio,

Oregon, Pennsylvania, Virginia, Washington, or Wisconsin within the period of September 13, 2019, through May 5, 2023.

## II.    RECITALS

28.    On March 18, 2021, Plaintiff filed the Action against Defendant on behalf of himself and others similarly situated for alleged failure to pay straight-time and overtime premium payments for all hours worked under the federal Fair Labor Standards Act ("**FLSA**") and Massachusetts General Laws c. 149, 148 and 15, and c. 151 1A and 20 ("**Massachusetts Wage Acts**").

29.    On October 29, 2021, the Parties mediated before Carlos Burruezo, an experienced wage and hour class and collective action mediator with Burruezo & Burruezo, PLLC.  The Parties were not able to reach a successful resolution at that time.

30.    Between December 22, 2021, and April 22, 2022, the Parties engaged in substantial discovery, including production of more than 5,000 pages of documents, exchange of more than 100 sworn witness declarations, and depositions of 27 Members of the Settlement Collective.

31.    On June 2, 2022, Plaintiff filed his Motion for Condition Certification of a Collective Action Under the FLSA, which the Court granted on September 13, 2022.   On December 7, 2022, the Administrator issued notice of the Action to all putative collective members with a deadline to opt-in to the Action by filing their Consent to Sue forms with the Court on or before February 6, 2023.

32.    On March 8, 2023, after the close of the opt-in period, Plaintiffs filed an Amended Complaint against Defendant on behalf of themselves and others similarly situated for alleged failure to pay straight-time and overtime premium payments for all hours worked under the FLSA and Massachusetts Wage Acts, in addition to the Arkansas Minimum Wage Act, Ark. Code Ann. §§ 11-4-201 *et seq.*, Ark. Code R. §§ 010.14-100-113 ("**Arkansas Wage Acts**"); the California

Labor Code and orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards Enforcement ("**California Wage Act**"); the Colorado Minimum Wages of Workers Act, Col. Rev. Stat. §§ 8-6-101 *et seq.*, Colorado Minimum Wage Orders, 7 Colo. Code Regs. 1103-1, and the Colorado Wage Claim Act, Colo. Rev. Stat. Ann. § 8-4-109 ("**Colorado Wage Acts**"); the Connecticut Minimum Wage Act, Conn Gen. Stat. §§ 31-58 *et seq.* and Connecticut's wage collection statutes, Conn. Gen. S47tat. §§ 31-70 *et seq*. ("**Connecticut Wage Acts**"); the Hawaii Revised Statutes, §§ 387-3, 388-2 ("**Hawaii Wage Acts**"); the D.C. Minimum Wage Revision Act, D.C. Code § 32-1003(c), and District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1302 ("**DC Wage Acts")**; the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.* and Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq.* ("**Illinois Wage Acts**"); the Kentucky Wages and Hours Act, KRS §§ 337.010 *et seq.* ("**Kentucky Wage Act**"); the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. §§ 661 *et seq.* and the Maine Employment Practices Act, 26 M.R.S.A. §§ 621-A ("**Maine Wage Acts**"); the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* and Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501 ("**Maryland Wage Acts**"); the Minnesota Fair Labor Standards Act, Minn. Stat. §§ 177.21 *et seq.* and the Minnesota Payment of Wages Act, Minn. Stat. §§ 181.01 *et seq.* ("**Minnesota Wage Acts**"); the Missouri Minimum Wage Law, §§ 290.500 R.S. Mo. *et seq.* ("**Missouri Wage Act**"); the Nevada Revised Statutes §§ 608.016, 608.018, and Nev. Const. Art. 15, § 16 ("**Nevada Wage Acts**"); the New Jersey Wage and Hour Laws, N.J.S.A. 34:11-56a *et seq.* and New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 *et seq.* ("**New Jersey Wage Acts**"); the New York Minimum Wage Act, NY CLS Labor §§ 650 *et seq.*, the New Yor Wage Order for Miscellaneous Industries and Occupations, N.Y. Comp. Codes R & Regs. Tit. 12,

§ 142-2.1 *et seq.*, and New York's Wage Theft Prevention Act, NY CLS Labor §§ 191 *et seq.* ("**New York Wage Acts**"); the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01, 4111.03, and 4111.10 and the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("**Ohio Wage Acts**"); Oregon Revised Statues §§ 652.020, 652.120 ("**Oregon Wage Acts**"); the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 *et seq.* and attendant regulations, 34 Pa. Code § 231.1 *et seq.*, as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("**Pennsylvania Wage Acts**"); the Virginia Overtime Wage Act, Va. Code § 40.1-29.2 and the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29 ("**Virginia Wage Acts**"); the Washington Minimum Wage Act, Rev. Code Wash. Ch, 49.46, and the Washington Wage Rebate Act, RCW Ch. 49.52 ("**Washington Wage Acts**"); and the Wisconsin Statutes §§ 109.03, 109.09, and Wis. Admin. Code DWD § 274.03 ("**Wisconsin Wage Acts**").

33.     On May 4, 2023, the Parties mediated before Michael Russell, an experienced wage and hour class and collective action mediator with Miles Mediation & Arbitration, LLC.  Prior to mediation, Defendant produced detailed payroll and timekeeping records for the Settlement Collective.  Although the Parties were again unable to reach a successful resolution at mediation, on May 15, 2023, they agreed in principle to a mediator's proposal for the Gross Settlement Amount.  Thereafter, on July 25, 2023, the Parties held an additional mediation session with Mr. Russell in which they negotiated and agreed upon the terms of a final settlement of the Action as set forth within this Agreement.

### III.    TERMS OF SETTLEMENT

34.     <u>Gross Settlement Amount</u>.  The Parties agree to resolve the Action for the Gross Settlement Amount of $3,375,000.00, which amount constitutes all payments and claims raised in the Action by Plaintiffs, the Settlement Collective, and the Settlement Class up to and including the Effective Date, as well as Attorneys' Fees and Costs, Administration Costs, and General

Release Payments.  The Gross Settlement is the maximum amount of money that Defendant can be required to pay in the Settlement, except for the potential employer's share of employment taxes owed by Defendant in connection with the Individual Settlement Payments, which Defendant shall pay in addition to the Gross Settlement Amount if required.

35.    <u>Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses</u>:  Plaintiffs' Counsel will request, and Defendant will not oppose, a payment from the Gross Settlement Amount for attorneys' fees for the work already performed and all the work remaining to be performed in this Action,  in a gross amount not to exceed one third (1/3) of the Gross Settlement Amount, or One Million One Hundred Twenty-Five Thousand Dollars and 0/100 Cents ($1,125,000.00), and for costs and expenses incurred by Plaintiffs' Counsel in prosecuting the Action and implementing the terms of the Settlement, not to exceed Fifty One Thousand Two Hundred and Fifty Dollars and 0/100 Cents ($51,250.00). The Parties agree that any reduction in the amount of attorneys' fees, costs, and/or expenses approved for Plaintiffs' Counsel shall not be a basis for rendering the entire Settlement voidable or unenforceable.  Any reduction in the amount of attorneys' fees, costs, and/or expenses which is ordered by the Court and affirmed during any appeal shall proportionately reduce the Gross Settlement Amount.

36.    <u>Administration Costs</u>:  All costs incurred in administering the Settlement (including retaining the Administrator who will handle the mailing of notices, forwarding of return notices, processing of claim forms, and mailing of the individual checks to Authorized Claimants) shall be paid from the Gross Settlement Amount.  Defendant shall select the Administrator, with approval by Plaintiff's Counsel.

37.    <u>General Release Payment to Plaintiff Desmond Hodges</u>:  Subject to the Court's approval, Defendant shall pay Plaintiff Desmond Hodges a General Release Payment in an amount

not to exceed Ten Thousand Dollars ($10,000.00), to be paid from the Gross Settlement Amount, in consideration for the General Release of Claims as defined in paragraph 53, in addition to any payment he may otherwise receive as an Authorized Claimant.  The General Release Payment shall be treated as non-employee income for which an IRS Form 1099 will be issued. The Parties agree that any reduction in the amount of the General Release Payment shall not be a basis for rendering the entire Settlement voidable or unenforceable.  If the Court approves a General Release Payment of less than the amount sought, the remainder shall proportionately reduce the Gross Settlement Amount.

38.    <u>Settlement Fund</u>:  The Settlement Fund from which the Settlement Collective and the Settlement Class may submit a Claim Form for an Individual Settlement Payment will constitute the Gross Settlement Amount ($3,375,000.00) minus Plaintiffs' Counsel's attorneys' fees ($1,125,000.00); Plaintiffs' Counsel's costs and expenses (not to exceed $51,250.00); the Administrator's costs; and a General Release Payment to Hodges ($10,000.00).

(a)    The Parties shall designate $775,000.00 of the Settlement Fund as Individual Settlement Payments to the Settlement Collective (the "**Settlement Collective Fund**").  The Settlement Collective Members shall not participate in any additional claim process to receive an Individual Settlement Payment.  Each Member of the Settlement Collective's Individual Settlement Payment shall be calculated as follows: the Administrator shall divide each Member of the Settlement Collective's Workweeks during the Settlement Period by the total number of Settlement Collective Workweeks during the Settlement Period to ascertain each Settlement Collective Member's Payment Ratio.  Each Settlement Collective Member's Payment Ratio shall be multiplied by the Settlement Collective Fund to determine his or her Individual Settlement

Payment. Defendant shall not pay more than $775,000.00 to the Settlement Collective under any circumstances.

(b)    The Parties shall designate the remainder of the Settlement Fund as Potential Settlement Payments to the Absent Settlement Class Members (the "**Settlement Class Fund**"), from which those Absent Settlement Class Members who complete, sign, and timely return a Claim Form will receive an Individual Settlement Payment. The Individual Settlement Payment of each Absent Settlement Class Member who completes, signs, and timely returns a Claim Form shall be calculated as follows: the Administrator shall divide each Absent Settlement Class Member's Workweeks during the Settlement Period by the total number of Settlement Class Workweeks during the Settlement Period to ascertain each Absent Settlement Class Member's Payment Ratio. Each Absent Settlement Class Member's Payment Ratio shall be multiplied by the Settlement Class Fund to determine his or her Individual Settlement Payment. Defendant shall not pay more than the total amount of the Settlement Class Fund to the Settlement Class under any circumstances.

39.    <u>Notice to Settlement Class Members</u>:

(a)    Within fifteen (15) calendar days after receipt of the Class Data List (as set forth in paragraph 43 below), the Administrator shall calculate each Member of the Settlement Collective's and the Settlement Class's Potential Settlement Payment.

(b)    Only the (i) Absent Settlement Class Members who submit timely and valid Claim Forms; and (ii) Settlement Collective Members, (collectively, the "Authorized Claimants") shall receive an Individual Settlement Payment.

(c)    Each Absent Settlement Class Member who completes, signs, and timely returns a Claim Form within thirty (30) days after the Administrator issues Notice of the Settlement shall

be eligible to receive an Individual Settlement Payment. To be timely, the Claim Forms must be postmarked or electronically submitted no later than thirty (30) days after the Notice is issued.

(d)    This is a common fund settlement. If any Absent Settlement Class Members do not complete, sign, and timely return a Claim Form (and thus do not become Authorized Claimants) (hereinafter referred to as "**Non-Claimants**"), Defendant shall retain the amount of Potential Settlement Payments attributable to those Non-Claimants ("**Non-Claimant Fund**").

40.    <u>Taxes</u>:  The Individual Settlement Payments shall be treated as wages from which standard payroll deductions and withholdings shall be made and for which an IRS Form W-2 will issue.  None of the payments described in this Agreement shall be subject to matching contributions or included as benefits-eligible earnings under any benefit plan or policy of the Defendant or any of its current or former parent companies, subsidiaries or affiliates.  Any tax obligation(s) arising from the Individual Settlement Payments and General Release Payment will be the sole responsibility of the Authorizing Claimants, each of whom shall indemnify, defend, and hold Defendant harmless for any federal, state, and local tax liability, including taxes, interest, penalties, or the like, and required withholdings, which may be or is asserted against or imposed upon Defendant by any taxing authority based upon any failure to pay any taxes due on the amounts being paid to the Authorized Claimants pursuant to this Agreement; provided, however, that, without making any representation or warranty concerning the tax treatment of any sums to be paid under this Agreement, and provided that nothing herein is intended as, and shall not be construed as, any representation or admission by Defendant that any employer's share of income taxes shall be owed with respect to any such sums, the Parties acknowledge and agree that the indemnification obligations of the Authorized Claimants hereunder shall not extend to any potential employer's share of employment taxes owed by Defendant, if any. None of the Released

Parties nor any of their representatives have made any warranty concerning the tax treatment of any sums to be paid under this Agreement, and Authorized Claimants have not relied on any such representation in determining the tax treatment of such sums.

41.    Conflict of Terms:  In the event of a conflict between the terms set forth in any communication (including, without limitation, the Notice to Absent Settlement Class Members and the Notice to Settlement Collective/Class Members) and this Agreement, the terms of this Agreement shall control.

## IV.    SETTLEMENT PROCEDURES

42.    Motion for Preliminary Approval:  Within a reasonable time after the execution of this Agreement by Hodges and Osmose, Plaintiffs shall file a motion for preliminary approval of the Settlement, applying to the Court for the entry of an Order that will be agreed upon by the Parties prior to submission:

(a)    Scheduling a fairness hearing on the question of whether the proposed Settlement should be approved as fair, reasonable, and adequate as to the Settlement Class;

(b)    Approving as to form and content the proposed notices to be sent to the Settlement Class;

(c)    Approving as to form and content the proposed Claim Form;

(d)    Approving the proposed method of requesting exclusion from the Settlement;

(e)    Directing the issuance of notice to the Settlement Class Members as provided in this Agreement;

(f)    Preliminarily approving the Settlement;

(g)    Preliminarily certifying the Settlement Class for purposes of sending notice to the Settlement Class Members, for purposes of settlement only; and

(h)    Appointing Plaintiffs' Counsel as interim Class Counsel under Fed. R. Civ. P. 23.

43.    <u>Notice to the Class</u>:

(a)    Within seven (7) days after the Court grants preliminary approval of the Settlement, Defendant will provide to the Administrator the names, last known email and home addresses, and the last four digits of the social security numbers of the Settlement Collective Members and Absent Settlement Class Members, respectively, along with data indicating the number of Settlement Collective Workweeks for each Settlement Collective Member and Settlement Class Workweeks for each Absent Settlement Class Member ("**Class Data List**").

(b)    Within five (5) days after receipt of the Class Data List from Defendant, to the extent practicable, the Administrator shall consult the National Change of Address Registry, and shall send the Notice to all Absent Settlement Class Members, by first-class U.S. mail and email, along with a link to a website, established by the administrator, through which Absent Class Members may electronically complete and submit a Claim Form, provided he or she provides the last four digits of his or her social security number.

(c)    Within five (5) days after receipt of the Class Data List from Defendant, to the extent practicable, the Administrator shall send the Notice to Settlement Collective/Class Members by email to all Settlement Class Members who are also Settlement Collective Members.

(d)    To the extent that the total amount of the Settlement Class Workweeks listed on the Class Data List exceed 133,732, Plaintiff shall have the right, in his sole discretion, to cancel the Agreement in its entirety and it shall be null and void, with the Parties returning to the *status quo ante* and maintaining all rights and arguments existing prior to the Agreement.

44.    <u>Claim Process</u>:

(a)    Settlement Class Members shall have thirty (30) calendar days after issuance of the Notice to return their Claim Forms to the Administrator ("Claims Period Deadline").  In order for

an Absent Settlement Class Member to become an Authorized Claimant, he/she must verify his/her identity by providing accurately on the Claim Form his or her name, address, email address, and telephone number.  This entry shall be checked against the Class Data List.

(b)    The Administrator shall provide the Parties with a weekly update of the number of claims received (including the numbers of valid and deficient claims), and any opt-outs and/or objections, and provide copies of any Claims Forms.

(d)    Within ten (10) days of the Claims Period Deadline, the Administrator shall provide to the Parties any Claim Forms and opt-outs and/or objections not provided in accordance with subparagraph (b) above, along with a final list of all Authorized Claimants and each Authorized Claimants' Individual Settlement Payment (hereinafter "**Final Payment List**").

45.    Objections to the Settlement:  Settlement Class Members who wish to object to the Settlement must not exclude themselves from the Settlement and must serve on the Administrator, not later than thirty (30) days after the date that the Administrator first issues Notice ("**Objection Deadline**"), a signed, written statement objecting to the Settlement and setting forth the grounds for the objection, as explained further in the Notice. This statement also must include the Settlement Class Member's address, a reference to the Action, and indicate whether the Settlement Class Member intends to appear and object to the Settlement at the Final Approval Hearing.  The failure to so indicate will constitute a waiver of the right to appear at the hearing. A Settlement Class Member who does not submit an objection in the manner and by the deadline specified above shall be deemed to have waived all objections and will be foreclosed from making any objection to the Settlement, whether by appeal or otherwise, absent a contrary order of the Court.

46.    <u>Requests for Exclusion</u>:

(a)    Absent Settlement Class Members who wish to exclude themselves from the Settlement (opt out of the Settlement) must submit to the Administrator, not later than thirty (30) calendar days after the date that the Administrator issues Notice ("**Opt-Out Deadline**"), an Exclusion Letter requesting that he or she be excluded from the Settlement Class. A Settlement Class Member who does not submit a valid and timely Exclusion Letter in the manner and by the deadline specified above shall be bound by all terms and conditions of the Settlement, releases, and by the Judgment, regardless of whether he or she submits a Claim Form.  An Absent Settlement Class Member who timely submits a valid Exclusion Letter shall not participate in, or be bound by, the Settlement or the Judgment in any respect.   To be valid, Exclusion Letters must be submitted to the Administrator by the Opt-Out Deadline. Persons who submit an Exclusion Letter shall not be permitted to file objections to the Settlement or appear at the Final Approval Hearing to voice any objections to the Settlement.

(b)    If an Absent Settlement Class Member completes and submits both a Claim Form and an Exclusion Letter, the Administrator will contact the Settlement Class Member to obtain clarification of the Settlement Class Member's intent. In the event that the Administrator is unable to obtain clarification of the Settlement Class Member's intent by the time of the Final Approval Hearing, it will be presumed that the Claim Form is controlling, and such Settlement Class Member shall be treated as an Authorized Claimant, be paid an Individual Settlement Payment pursuant to the Claim Form, and be bound by the terms of the Settlement. The Administrator will inform the Parties' Counsel of the name of any person who submits both a Claim Form and an Exclusion Letter.  As necessary, the Court will be the final arbiter with respect to any disputes as to whether a person has filed a valid Claim Form, a valid Exclusion Letter, a valid objection to the Settlement,

and/or a valid dispute as to the person's inclusion or exclusion as a Participating Class Member and/or Authorized Claimant.

(c)    Settlement Class Members who do not submit either a valid and timely Claim Form or a valid and timely Exclusion Letter shall be bound by all of the terms of the Settlement, including without limitation, the release set forth in the Settlement.

47.    <u>Final Approval</u>:

(a)    Within ten (10) calendar days prior to the Final Approval Hearing, Plaintiffs will file with the Court motions for final approval of the Settlement under 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23(e) and for approval of the proposed General Release Payment, Plaintiffs' Counsel's attorney's fees and costs, and Administration Costs. Plaintiffs' Counsel will prepare the motions and will provide Defendant's Counsel sufficient opportunity to review and agree on the content of the motion for final approval before it is filed.

(b)    At the time the motion for final approval of the Settlement is filed, Plaintiffs' Counsel or the Administrator shall provide the Court a report specifying the due diligence that it has undertaken with regard to the mailing of the Notice; and reporting (to date) on the number of claims, objections, disputes (and status), and opt-outs submitted.

(c)    Not later than five (5) court days before the Final Approval Hearing, the Parties may file, jointly or separately, a reply in support of their joint motion for final approval of the Settlement, in the event any opposition to the joint motion for final approval has been filed. Likewise, Plaintiffs' Counsel may file a reply in support of the motion for approval of the proposed General Release Payment, Plaintiffs' Counsel's attorney's fees and costs, and Administration Costs in the event any opposition to the motion for such attorneys' fees and/or costs has been filed.

(d)      At or before the Final Approval Hearing, the Parties will present a Judgment for the Court's entry. After entry of the Judgment, the Court will have continuing jurisdiction over the Action and the Settlement solely for purposes of enforcing the Settlement, addressing settlement administration matters, and addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

(e)      Upon the filing of the motion for final approval of the Settlement, the Parties will submit a proposed Order in a mutually agreeable form:

- Certifying the Settlement Class, for purposes of settlement only;

- Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

- Appointing Plaintiffs' Counsel as Class Counsel under Fed. R. Civ. P. 23 and approving Plaintiffs' Counsel's motion for attorneys' fees and expenses;

- Approving Plaintiff's General Release Payment;

- Permanently enjoining all Settlement Collective and Class Members (other than those who filed timely and valid Exclusion Letters) from prosecuting against the Released Parties (defined below) any and all of the Settlement Class Members' Released Claims (defined below);

- Permanently enjoining Plaintiffs from prosecuting against the Released Parties any and all of Plaintiff's Released Claims (as defined below); and

- Dismissing the Action with prejudice.

48.   <u>Distribution to Authorized Claimants</u>:  Within fifteen (15) days of the Effective Date, Defendant shall wire to the Administrator an amount sufficient to pay all Authorized Claimants on the Final Payment List in the amount provided therein, Plaintiffs' Counsel's

approved attorneys' fees, costs, and expenses, the Administrator's costs, and Plaintiff's approved General Release Payment.    Within ten (10) days of receipt of the settlement funds, the Administrator shall issue checks to Authorized Claimants, Plaintiffs' Counsel, and Plaintiff.

49.    Returned Checks:  If an Individual Settlement Payment check envelope is returned as undeliverable, the Administrator will use its discretion to take all steps necessary to locate an updated mailing address for that Authorized Claimant, including without limitation, enhanced skip tracing methods, calling and/or emailing the Authorized Claimant using the telephone number and/or email address provided in his or her returned Claim Form.

50.    Uncashed Checks:  If an Authorized Claimant has not cashed his or her Individual Settlement Payment check within ninety (90) calendar days after issuance, such check will become stale and the funds returned by the Administrator to Defendant.

## V.    RELEASE OF CLAIMS

51.    45.    Settlement Collective and Class Members' Released Claims:  Upon the Effective Date of the Settlement, Plaintiffs, the Settlement Collective Members, and the Settlement Class Members (other than those who submit valid and timely Exclusion Letters) will release and forever discharge Defendant, and each of its former and present predecessors, successors, parents, subsidiaries, franchisors, insurers, and affiliates, whatever their current or former legal names or legal entity status, and each of their respective current and former owners, officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives ("**Released Parties**"), from any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising on or before May 5, 2023 ("**Release Period**"), arising out of, based on, or encompassed by: (a) the claims that were asserted in any civil complaint filed in this case on behalf of Plaintiff or any of the Settlement Collective or Class Members; (b) claims that relate to or arise out of the payment of the applicable

minimum wage, under-payment of the applicable minimum wage, or failure to pay the applicable minimum wage; (c) claims that relate to or arise out of the payment of straight time, under-payment of straight time, or failure to pay straight-time; (d) claims that relate to or arise out of the payment of the applicable overtime rate, under-payment of the applicable overtime rate, or failure to pay the applicable overtime rate; (e) claims that relate to or arise out of unpaid compensation of any kind for work performed; and (e) claims that arise under all federal, state, and local wage and hour claims, or any similar state, municipal, or local laws, including but not limited to all claims under the FLSA, Arkansas Wage Acts; California Wage Act; Colorado Wage Acts; Connecticut Wage Acts; DC Wage Acts; Hawaii Wage Acts; Illinois Wage Acts; Kentucky Wage Act; Maine Wage Acts; Maryland Wage Acts; Minnesota Wage Acts; Missouri Wage Act; Nevada Wage Acts; New Jersey Wage Acts; New York Wage Acts; Ohio Wage Acts; Oregon Wage Acts; Pennsylvania Wage Acts; Virginia Wage Acts; Washington Wage Acts; and Wisconsin Wage Acts.  Without limiting the generality of the foregoing, the claim preclusion effect of this Settlement, and the judgment thereon, for res judicata purposes, shall be co-extensive with this release of claims. (collectively, the "**Released Claims**"). Notwithstanding any other provision in this Agreement, no Settlement Class Member shall release any claims under the FLSA unless he or she is an Authorized Claimant.

52.     <u>Release of Fees and Costs</u>:  Plaintiffs, on behalf of themselves and the Settlement Collective and Class Members, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they have or may have against Defendant for attorneys' fees, costs, or expenses associated with this Action, including but not limited to those attorneys' fees, costs, or expenses associated with Plaintiffs' Counsel's representation of the Plaintiffs and Settlement Collective and Class Members in this Action.  Plaintiffs further understand and agree that any fees

and costs payment provided for herein will be the full, final, and complete payment of all attorneys' fees, costs, and expenses associated with Plaintiffs' Counsel's representation of Plaintiffs and the Settlement Collective and Class Members in this Action.

53.    <u>General Release by Plaintiff Hodges</u>:

(a)    In exchange for the General Release Payment described herein, Hodges agrees to sign a Supplemental Settlement Agreement containing a General Release of claims in the form attached as Exhibit D.

(b)    The Parties agree that any refusal by the Court to approve of the General Release by Plaintiff Hodges as set forth in this paragraph shall not be a basis for rendering the entire Settlement voidable or unenforceable. The Parties further agree that the General Release Payment is contingent upon the execution of the Supplemental Settlement Agreement and General Release.

## VI.    <u>ADDITIONAL PROVISIONS</u>

54.    <u>Signatories</u>:

(a)    The respective signatories to the Settlement represent that he, she, or they are fully authorized to enter into this Settlement and bind to its terms and conditions the respective entities for which the person is signing as shown on the signature line.

(b)    The Parties agree that because the Settlement Collective and Class Members are so numerous, it is impossible or impractical to have each Settlement Collective or Class Member execute this Settlement. Plaintiff's signature shall therefore be effective and binding upon all Named Plaintiffs, Settlement Collective Members, and Settlement Class Members who do not submit a timely request for Exclusion by the Opt-Out Deadline.  The Notice will advise all Settlement Collective and Class Members of the binding nature of the release. Excepting only the Settlement Collective or Class Members who submit a valid and timely Exclusion Letter, this

Agreement shall have the same force and effect as if it were executed by each Settlement Collective or Class Member.

55.    <u>Cooperation to Implement Settlement</u>:  The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to executing such documents and taking such other actions as may reasonably be necessary to implement the terms of the Settlement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of the Settlement.  The Parties further agree to remove any references to the Action and/or invitations to join the Action from their respective websites and/or social media pages.

56.    <u>Disputes</u>:  Any dispute between the Parties concerning the interpretation or implementation of this Agreement will be resolved by the Court.  Prior to any such resort to the Court, counsel for the Parties will confer in good faith to resolve the dispute.  If the Parties are unable to resolve the dispute themselves, the dispute will be submitted to the Court, unless the Parties agree otherwise.

57.    <u>No Prior Assignments</u>:  The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

58.    <u>No Admission of Liability and Inadmissibility of Settlement</u>:

(a)    Defendant denies liability to Plaintiffs and the Settlement Collective and Class for any claim or cause of action. Defendants has denied and continues to deny each of the claims and contentions alleged by Plaintiffs in the Action.  Defendant has repeatedly asserted and

continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action. Defendant also has denied and continues to deny the allegations that the Settlement Collective or Class Members have suffered damage or that the Settlement Collective or Class Members were harmed by the conduct alleged in the Action. By entering into this Agreement, Defendant in no way admits to the suitability of this Action for class or collective action litigation other than for purposes of settlement.

(b)    Settlement of the Action and all acts performed or documents executed in furtherance of this Agreement or the settlement embodied herein: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendant, or of the truth of any of the factual allegations in any and all Complaints filed in the Action; (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendant in any civil, criminal, administrative, or arbitral proceeding; and (c) are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for class or collective action treatment other than for purposes of administering this Agreement. The Parties understand and agree that this Agreement and any exhibit hereto are settlement documents and shall be inadmissible in any proceeding for any reason, except a proceeding to enforce the terms of this Agreement.

59.    Fair, Adequate, and Reasonable Settlement: The Parties agree that the Settlement is fair, adequate, and reasonable, and will so represent it to the Court.

60.    Waiver of Appeals: The Parties agree to waive all appeals from any order from the Court's granting final approval of this Settlement, unless the Court materially modifies the Settlement; provided, however, that Plaintiffs may appeal any reduction in the amount of

Plaintiffs' Counsel's fees and expenses and/or the General Release Payment to Plaintiff. Any reduction in the amount of Plaintiffs' Counsel's fees and/or the General Release Payment to Plaintiff will not, however, constitute a material modification of the Settlement and will not be grounds to void the Settlement.

61. <u>No Tax Advice</u>: Neither Plaintiffs' Counsel nor Defendant's Counsel intend anything contained in this Settlement to constitute advice regarding taxes or taxability, nor shall anything in this Settlement be relied upon as such within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended) or otherwise.

62. <u>Collective and Class Certification and Settlement Approval</u>:

(a) In connection with the request for Final Approval of the Settlement, Plaintiffs shall seek an order certifying the Settlement Class for settlement purposes only under Fed. R. Civ. P. 23. Defendant is consenting to the certification of the Settlement Class for settlement purposes only, stipulates for settlement purposes only that the Settlement Class satisfies the requirements under Fed. R. Civ. P. 23, and contends that class certification would not be appropriate if the matter were litigated.

(b) In connection with the request for Final Approval of the Settlement, Plaintiffs shall seek an order finding that the Members of the Settlement Collective are "similarly situated" for purpose of the settlement, pursuant to 29 U.S.C. § 216(b). Defendant stipulates for settlement purposes only that the Members of the Settlement Collective are "similarly situated" for purpose of this Agreement, pursuant to 29 U.S.C. § 216(b), and contends that decertification of the collective would be appropriate if the matter were litigated.

(c) In the event the Court denies the motion for preliminary and/or final approval of the settlement and the parties cannot renew such motion(s) or seek judicial review of the denial

thereof without making material changes to this Agreement, Plaintiff and Defendant shall each have the option to declare this Agreement null and void, with either party's election of that option resulting in any order or judgment entered by the Court in furtherance of this Settlement being treated as void from the beginning. In such a case, the Parties shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed. In such case, the Settlement shall not be used or be admissible in any subsequent proceedings, either in this Action, with the Court, or in any other Court or forum. In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

63.    <u>Cooperation in Drafting</u>:  The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive, arm's-length negotiations between the Parties, and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party, his, her, its, or their counsel participated in its drafting.

64.    <u>Applicable Law</u>:  All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of Georgia, without giving effect to any conflict of law principles or choice of law principles.

65.    <u>Captions and Headings</u>:  Captions, headings or paragraph titles in this Settlement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision.

66.    <u>Modification</u>:  This Settlement may not be changed, altered, or modified, except in writing, and signed by the Parties, and approved by the Court.  This Settlement may not be

discharged except by performance in accordance with its terms or by a writing signed by the Parties.

      67.   <u>Integration Clause</u>:  This Settlement contains the entire agreement between the Parties relating to the resolution of the Action. All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Agreement.  No rights under this Agreement may be waived except in writing.

      68.   <u>Binding on Assigns</u>:  This Settlement may be binding upon and inure to the benefit of the Parties and their respective heirs, trustee, executors, administrators, successors and assigns.

      69.   <u>Counterparts</u>:  This Agreement shall be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.

      70.   <u>Interim Stay of Proceedings in Action</u>:  The Parties agree to seek an order holding in abeyance all proceedings in the Action, except such proceeding necessary or appropriate to implement and complete the Settlement, pending the Final Approval Hearing.

      71.   <u>Enforceability</u>:  When this Agreement is signed by all Parties and their attorneys of record, it shall be fully enforceable by the court pursuant to any applicable provision of law.

[SIGNATURE BLOCKS ON NEXT PAGE]

## <u>SIGNATURES</u>

| <u>Plaintiffs</u> | | <u>Defendant</u> |
|---|---|---|

**Signature:** _____

Desmond Hodges, on behalf
of himself and all Named
Plaintiffs, Settlement
Collective Members, and
Settlement Class Members

**Signature:** _____

<mark>Printed Name and Title</mark>

**Date:** _____09 / 28 / 2023_____

**Date:** _____

Doc ID: 0040532368c973b3c2c7c66cb378c71b1bbba57f