UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| DESMOND HODGES, *et al.,* individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>OSMOSE UTILITIES SERVICES, INC.,<br><br>Defendant. | Case No.: 3:21-cv-00041-TCB<br><br>FILED IN OPEN COURT<br>U.S.D.C. - Newnan<br><br>JAN 04 2024<br><br>KEVIN P. WEIMER, Clerk<br>By: [signature] Deputy Clerk |

## **FINAL APPROVAL ORDER AND JUDGMENT**

This Litigation came before the Court for a hearing on January 4, 2024, to determine the fairness of the parties' Settlement Agreement, presented to the Court and subject to this Court's Preliminary Approval Order [156][1] wherein the Court granted preliminary approval of the Settlement Agreement, preliminarily certified Rule 23 class action for settlement purposes only, and found that it could likely approve the Settlement Agreement at the final approval stage, approved the form and manner of the Notice, and set the date for a Fairness Hearing. Due notice having been given and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

---

[1] Bracketed references are to CM/ECF docket entries.

Except as otherwise defined herein, all capitalized terms used in this Final Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement.

1. The Court has jurisdiction over the subject matter of this Litigation, the Named Plaintiffs, the Settlement Collective Members, the Settlement Class Members, and Defendant for purposes of approving the Settlement Agreement.

2. For the sole purpose of settling and resolving this Litigation, the Court certifies the Rule 23 Class pursuant to Fed. R. Civ. P. 23, which is defined as: any individual employed by Osmose in the position of Crew Member in PIT and/or PR crews in Arkansas, California, Colorado, Connecticut, District of Columbia, Hawaii, Illinois, Kentucky, Maine, Maryland, Massachusetts, Minnesota, Missouri, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania, Virginia, Washington, or Wisconsin within the period of September 13, 2019, through May 5, 2023, and who has not otherwise released their claims under the FLSA or applicable state law (the "Settlement Class").

3. On October 3, 2023, this Court preliminarily approved the Settlement Agreement [156] ("Preliminary Approval Order").

4. Notice to the Settlement Class has been provided to the fullest extent reasonably possible in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the notice – which included direct

notice through the U.S. Mail, which provided the best practicable notice under the circumstances and was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation, Class Counsel's application for attorneys' fees and reimbursement of litigation costs, additional compensation to the Named Plaintiff Desmond Hodges, CAC Services Group, LLC's fees and costs for serving as the Administrator, and the rights of Settlement Class Members to object or request exclusion from the Agreement and to appear at the Final Approval Hearing – was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fulfilled the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States and any other applicable laws and due process.

5. The Agreement was the result of arm's-length negotiations, including a mediation session overseen by Michael Russel, an experienced wage and hour class and collective action mediator with Miles Mediation & Arbitration, LLC, and conducted in good faith by experienced attorneys familiar with the legal and factual issues and is supported by the Named Plaintiff Desmond Hodges and Class Counsel.

6. The Named Plaintiffs and Class Counsel adequately represented the Settlement Class and Settlement Collective for purposes of entering into and implementing the Agreement.

7.      The Court hereby confirms its prior appointment of Named Plaintiffs Desmond Hodges, Demar Bennet, Timothy Corvin, Khalif Davis-Harris, Wayne Hurst, Allen Miller, Caleb Ross, Jose Terriquez, Aaron Tutt, and Gregory Weaver as the Class Representatives.

8.      The Court hereby confirms its prior appointment of Nicholas Conlon, Zijian Guan, Eric Sands, and Edmund C. Celiesius of Brown, LLC, and Roger Orlando of The Orlando Firm, P.C., for settlement purposes only, as Class Counsel for the Settlement Class and Settlement Collective.

9.      The Court hereby approves the Agreement and hereby orders that the Agreement shall be consummated and implemented in accordance with its terms and conditions.

10.     The Court finds that the settlement embodied in the Agreement is fair, reasonable, and adequate to the Named Plaintiffs, the Settlement Class Members, and Settlement Collective Members, and more particularly finds that:

A.      The settlement was negotiated vigorously and at arm's-length under the auspices of the Mediator by Counsel for Defendant, on one hand, and the Named Plaintiffs and Class Counsel on behalf of the Settlement Class and Settlement Collective, on the other hand;

B.      Plaintiffs and Defendant had sufficient information to evaluate the settlement value of the Litigation;

C. If the Agreement had not been achieved, Named Plaintiffs, the Settlement Class, and the Settlement Collective faced the expense, risk, and uncertainty of extended litigation;

D. The amount of the Agreement is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal. The method of distributing the Gross Settlement Amount is efficient and the claims process was not overly burdensome. The Agreement terms related to additional consideration for Named Plaintiff Desmond Hodges general release of claims, attorneys' fees and costs, and fees and costs of the Administrator do not raise any questions concerning fairness of the Agreement and there are no agreements, apart from the Agreement, required to be considered under Fed. R. Civ. P. 23(e)(2)(c)(iv). The Gross Settlement Amount is within the range of settlement values obtained in similar cases;

E. At all times the Named Plaintiffs and Class Counsel have acted independently of Defendant and in the interest of the Settlement Class and Settlement Collective; and

F. There were no filed objections to the Agreement.

11. The plan of allocation of the Settlement Fund is finally approved as fair, reasonable, and adequate. The Administrator shall distribute the Gross Settlement Amount in accordance with the Agreement. The Administrator shall have final authority to determine the share of the Gross Settlement Amount to be allocated to

5

each Settlement Class Member and Settlement Collective Member in accordance with the terms of the Agreement approved by the Court.

12. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

13. The releases and covenants not to sue set forth in the Agreement, including but not limited to Section V, ¶ 51 of the Agreement, together with the definitions contained in the Agreement relating thereto, are expressly incorporated herein in all respects. Accordingly, the Court orders that:

A. Plaintiffs, the Settlement Collective Members, and the Settlement Class Members (other than those who submit valid and timely Exclusion Letters) will release and forever discharge Defendant, and each of its former and present predecessors, successors, parents, subsidiaries, franchisors, insurers, and affiliates, whatever their current or former legal names or legal entity status, and each of their respective current and former owners, officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives, from any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising on or before May 5, 2023, arising out of, based on, or encompassed by: (a) the claims that were asserted in any civil complaint filed in this case on behalf of Plaintiff or any of the Settlement Collective or Class Members; (b) claims that relate to or arise out of the payment of

the applicable minimum wage, under-payment of the applicable minimum wage, or failure to pay the applicable minimum wage; (c) claims that relate to or arise out of the payment of straight time, under-payment of straight time, or failure to pay straight-time; (d) claims that relate to or arise out of the payment of the applicable overtime rate, under-payment of the applicable overtime rate, or failure to pay the applicable overtime rate; (e) claims that relate to or arise out of unpaid compensation of any kind for work performed; and (f) claims that arise under all federal, state, and local wage and hour claims, or any similar state, municipal, or local laws, including but not limited to all claims under the FLSA, Arkansas Wage Acts; California Wage Acts; Colorado Wage Acts; Connecticut Wage Acts; DC Wage Acts; Hawaii Wage Acts; Illinois Wage Acts; Kentucky Wage Acts; Maine Wage Acts; Maryland Wage Acts; Minnesota Wage Acts; Missouri Wage Acts; Nevada Wage Acts; New Jersey Wage Acts; New York Wage Acts; Ohio Wage Acts; Oregon Wage Acts; Pennsylvania Wage Acts; Virginia Wage Acts; Washington Wage Acts; and Wisconsin Wage Acts.

    B.    Notwithstanding any other provision in the Agreement, no Settlement Class Member shall release any claims under the FLSA unless he or she is an Authorized Claimant.

    C.    Plaintiffs, on behalf of themselves and the Settlement Collective and Class Members, hereby irrevocably and unconditionally release, acquit, and forever

discharge any claim that they have or may have against Defendant for attorneys' fees, costs, or expenses associated with this Action, including but not limited to those attorneys' fees, costs, or expenses associated with Plaintiff's Counsel's representation of the Plaintiffs and Settlement Collective and Class Members in this Action.

D.  Plaintiffs understand and agree that any fees and costs payment provided for in the Agreement will be the full, final, and complete payment of all attorneys' fees and costs, and expenses associated with Plaintiffs' Counsel's representation of Plaintiffs and the Settlement Collective and Class Members in this Action.

14.  The operative complaint and all claims asserted therein in the Litigation are hereby dismissed with prejudice and without costs to any of the Parties and Released Parties other than as provided for in the Agreement.

15.  The Court awards to Class Counsel $1,125,000.00 (one-third (1/3) of the Gross Settlement Amount) as reasonable attorneys' fees, which shall include all attorneys' fees associated with the Litigation. In addition, Class Counsel shall receive $51,250.00 as reimbursement of costs associated with the Litigation. These amounts shall be paid from the Gross Settlement Amount as set forth in the Agreement.

16.   The Court awards to CAC Services Group, LLC, $33,328.90 for serving as the Administrator. This amount shall be paid from the Gross Settlement Amount as set forth in the Agreement.

17.   The Court approves the additional compensation in exchange for Named Plaintiff Desmond Hodges general release of claims in the amount of $10,000.00.

18.   The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the notices and payments made under the Agreement, this Final Order and Judgment, or the Settlement Agreement or the termination of the Agreement.

19.   Any motion to enforce this Final Approval Order and Judgment or the Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Agreement and/or this Final Approval Order and Judgment may also be asserted by way of affirmative defense or counterclaim in response to any action that is asserted to violate the Agreement.

Dated:

_____
Timothy C. Batten, Sr.
Chief United States District Judge